UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARCELIO JOSEPH REYBOL,<br><br>Plaintiff,<br><br>v.<br><br>TREASURY DEPARTMENT,<br><br>Defendant. | Case No. 25-cv-02413-JSC<br><br>**DISMISSAL ORDER** |

On March 10, 2025, Arcelio Joseph Reybol—proceeding without attorney representation—sued the Treasury Department. (Dkt. No. 1.) That same day, Mr. Reybol moved to proceed in forma pauperis ("IFP"). (Dkt. No. 2.) On March 12, 2025, the Court denied without prejudice Mr. Reybol's application to proceed IFP. (Dkt. No. 4.) That order provided Plaintiff through April 9, 2025 to file another IFP application.

On April 18, 2025, the Court denied Mr. Reybol's request to proceed IFP because "the April 9, 2025 deadline ha[d] passed and Mr. Reybol ha[d] not filed another IFP application." (Dkt. No. 5.) That order stated "[i]f Mr. Reybol does not pay the filing fee by May 19, 2025, the Court will dismiss this case without prejudice." As of the date of this order, Mr. Reybol has not paid the filing fee.

Pursuant to Federal Rule of Civil Procedure 41(b), the court may dismiss an action for failure to prosecute or to comply with a court order. *See Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 n.3 (9th Cir. 2005) (recognizing that a court may sua sponte dismiss an action pursuant to Rule 41(b)). In determining whether a Rule 41(b) dismissal is appropriate, the court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of

1  prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and
2  (5) the availability of less drastic sanctions." *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th
3  Cir. 1986)).  Dismissal is appropriate "where at least four factors support dismissal . . . or where at
4  least three factors strongly support dismissal." *Hernandez v. City of El Monte*, 138 F.3d 393, 399
5  (9th Cir. 1998) (internal citation and quotation marks omitted).

6      Here, four of the five *Henderson* factors weigh in favor of dismissal.  The first two
7  factors—the public interest in expeditious resolution of litigation and the Court's need to manage
8  its docket—relate to the "efficient administration of judicial business for the benefit of all litigants
9  with cases pending."  *Nealey v. Transportacion Maritima Mexicana, S.A.*, 662 F.2d 1275, 1279
10 (9th Cir. 1980).  By failing to file another IFP application or to pay the filing fee, Mr. Reybol has
11 delayed adjudication of this action.  Non-compliance with the Court's orders wastes "valuable
12 time that [the Court] could have devoted to other . . . criminal and civil cases on its docket."
13 *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).

14     As for the third factor, while "the pendency of the lawsuit is not sufficiently prejudicial
15 itself to warrant dismissal," the delay caused by Mr. Reybol's failure to prosecute this action
16 despite the Court's orders weighs in favor of dismissal.  *Yourish v. California Amplifier*, 191 F.3d
17 983, 991 (9th Cir. 1999).

18     The fourth factor is the availability of less drastic sanctions.  The Court already cautioned
19 Mr. Reybol that failure to respond would result in dismissal of this action.  (Dkt. No. 5.)  Thus, the
20 Court has fulfilled its "obligation to warn the plaintiff that dismissal is imminent."  *Oliva v.*
21 *Sullivan*, 958 F.2d 272, 274 (9th Cir. 1992); *see also Ferdick*, 963 F.2d at 1262 ("A district court's
22 warning to a party that failure to obey the court's order will result in dismissal can satisfy the
23 'consideration of [less drastic sanctions]' requirement.").  The fourth factor thus weighs in favor of
24 dismissal.

25     The last factor, which favors disposition on the merits, by definition weighs against
26 dismissal.  *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Public policy favors
27 disposition of cases on the merits.  Thus, this factor weighs against dismissal.").

28     In sum, four of the five relevant factors weigh strongly in favor of dismissing this action in

its entirety. *See Pagtalunan*, 291 F.3d at 643 (affirming dismissal where three factors favored dismissal, while two factors weighed against dismissal). The Court therefore DISMISSES this action without prejudice.

The Clerk is directed to close the action.

**IT IS SO ORDERED.**

Dated: May 30, 2025

_____
JACQUELINE SCOTT CORLEY
United States District Judge